EXHIBIT A

SUMMONS IN ACTION—CIRCUIT COURT

# STATE OF TENNESSEE
## Circuit Court of Greene County
## AT GREENEVILLE

DEBORAH RIDDLE GARCIA, ETC., Plaintiff

vs.

STATE FARM FIRE & CASUALTY COMPANY, Defendant

Civil Action

Case No. 13CV037 JKW

**SUMMONS**

**Please see back for the automatic injunction which becomes effective upon the filing of a complaint for divorce.**

To the above named Defendant(s): State Farm Fire & Casualty Company

You are hereby summoned and required to serve upon Deborah Riddle Garcia, ~~Plaintiff's attorney~~, whose address is 134 Lands End Way, Jupiter, FL 33458 an answer to the complaint which is herewith served upon you within thirty (30) days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

Issued this 30 day of January, 2013, at 4:02 o'clock a.m./~~p.m.~~

~~Gail Davis Jeffers~~ PAM VENERABLE, Clerk

By _____, Deputy Clerk

Received this _____ day of _____, _____.

_____, Deputy Sheriff

### RETURN ON SERVICE OF SUMMONS

I hereby certify and return that on the _____ day of _____, _____, I served this summons together with the complaint as follows: _____

failed to serve this summons within 90 days after its issuance because _____

_____, Deputy Sheriff

Service is hereby accepted by Defendant, State Farm Fire & Casualty Co, this the 4th day of Feb., 2013

~~Witnessed~~ by _____, atty for State Farm, ~~Clerk/Deputy Clerk~~

Case 2:13-cv-00063-JRG-DHI  Document 1-2  Filed 02/25/13  Page 1 of 6  PageID #: 6

# NOTICE

## TO THE DEFENDANT OR DEFENDANTS:

Tennessee law provides a ten thousand dollar ($10,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel for yourself and your family, and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand this exemption right or how to exercise it, you may wish to seek the counsel of a lawyer. (T.C.A. 26-2-114)

---

**The following must be attached to each summons on every divorce case filed.**

### T.C.A. 36-4-106 Relative to Contents of Petition for Divorce and Legal Separation

(D) The defendant is represented by an attorney.

  (d) Upon the filing of a petition for divorce or legal separation except on the sole ground of irreconcilable differences and upon personal service of the complaint and summons on the respondent or upon waiver and acceptance of service by the respondent, the following temporary injunctions shall be in effect against both parties until the final decree of divorce or order of legal separation is entered, the petition is dismissed, the parties reach agreement, or until the court modifies or dissolves the injunction, written notice of which shall be served with the complaint:

  (1)(A) An injunction restraining and enjoining both parties from transferring, assigning, borrowing against, concealing or in any way dissipating or disposing, without the consent of the other party or an order of the court, of any marital property. Nothing herein is intended to preclude either of the parties from seeking broader injunctive relief from the court.

   (B) Expenditures from current income to maintain the marital standard of living and the usual and ordinary costs of operating a business are not restricted by this injunction. Each party shall maintain records of all expenditures, copies of which shall be available to the other party upon request.

  (2) An injunction restraining and enjoining both parties from voluntarily canceling, modifying, terminating, assigning, or allowing to lapse for nonpayment of premiums, any insurance policy, including, but not limited to, life, health, disability, homeowners, renters, and automobile, where such insurance policy provides coverage to either of the parties or the children, or that names either of the parties or the children as beneficiaries without the consent of the other party or an order of the court. "Modifying" includes any change in beneficiary status.

  (3) An injunction restraining both parties from harassing, threatening, assaulting or abusing the other and from making disparaging remarks about the other to or in the presence of any children of the parties or to either party's employer.

  (4) An injunction restraining both parties from relocating any children of the parties outside the state of Tennessee, or more than one hundred (100) miles from the marital home, without the permission of the other party or an order of the court, except in the case of a removal based upon a well-founded fear of physical abuse against either the fleeing parent or the child. In such cases, upon request of the non-relocating parent, the court will conduct an expedited hearing, by phone conference if appropriate, to determine the reasonableness of the relocation and to make such other orders as appropriate.

  (5) The provisions of these injunctions shall be attached to the summons and the complaint and shall be served with the complaint. The injunctions shall become an order of the court upon fulfillment of the requirements of this subsection (d). However, nothing in this subsection shall preclude either party from applying to the court for further temporary orders, an expanded temporary injunction, or modification or revocation of this temporary injunction.

IN THE CIRCUIT COURT FOR THE
THIRD JUDICIAL DISTRICT OF TENNESSEE
AT GREENEVILLE

DEBORAH RIDDLE GARCIA,
individually, as next of kin of Madge
Glenna Riddle and as personal
representative of the Estate of
Madge Glenna Riddle,

    Plaintiff,

vs.

STATE FARM FIRE &
CASUALTY COMPANY,

    Defendant.

FILED
TIME _____
JAN 3 0 2013
CIRCUIT COURT CLERK

No.: 13CV037 JKW

Jury Demanded

## COMPLAINT

Comes the plaintiff, Deborah Riddle Garcia ("Garcia"), individually, as next of kin of Madge Glenna Riddle and in her capacity as personal representative of the Estate of Madge Glenna Riddle, and for her cause of action against the defendant, State Farm Fire & Casualty Company ("State Farm"), says as follows:

1. Garcia is a resident of Jupiter, Florida and the surviving daughter and next of kin of Madge Glenna Riddle ("Riddle") who died testate on May 6, 2011 leaving Garcia as the sole beneficiary under her will. Garcia was appointed personal representative of the estate of Riddle by Order of the Probate Court on May 18, 2011 and continues to serve in that capacity at present.

2. State Farm is a corporation with offices and principal place of business in Illinois and which is authorized to transact insurance business in Tennessee.

3. Riddle was the owner of a residence located at 1009 Martingale Drive in Greeneville, Greene County, Tennessee up until the time of her death, at which time the residence was inherited by Garcia. At the time of Riddle's death on May 6, 2011 the residence was insured by

a Homeowners policy number 42-B4-4408-9 issued by State Farm. Subsequent to Riddle's death notice thereof was given by Garcia to State Farm which amended the policy insuring the residence by making the named insured "Estate of Glenna M. Riddle c/o Deborah Riddle Garcia" on or about June 15, 2011.

4. On or about October 17, 2011 State Farm advised that due to the circumstances of Riddle's death a Homeowners policy could no longer be maintained and that a Rental Dwelling policy would be required, which was issued insuring Garcia on October 17, 2011. State Farm represented that there would be no loss or limitation in coverage under the Rental Dwelling policy relative to that for which coverage was provided under the Homeowners policy, whereupon coverage under a Rental Dwelling policy number 92-BT-T016-5 was issued by State Farm insuring Garcia and the Martingale Drive residence with coverage providing limits of liability for the dwelling of $147,000, for personal property of $110,175, for loss of rents for the actual loss sustained and other coverages set forth in the policy contract. A copy of the complete policy contracts, including the Homeowners policy and the Rental Dwelling policy will be filed hereafter when made available to plaintiff.

5. In January, 2012 Garcia discovered that the State Farm insured residence as well as the personal contents thereof had been extensively damaged by vandalism and that personal contents of the residence had further been stolen. The damage to the residence and damage and theft of the personal contents were such that Garcia was unable to rent the house for a period of time thereafter.

6. Garcia was insured under the aforesaid policies for the damage, theft and loss for which she gave timely notice to State Farm and has complied with all of the policy(s) conditions and requirements as well as all requests made of her by State Farm representatives and its counsel, including giving an examination under oath. Notwithstanding Garcia's compliance with

all requirements under the policy(s) State Farm has failed and refused to pay for the insured damages and loss for which State Farm assigned a "date of loss" of January 30, 2012.

7. State Farm has breached its contract with Garcia by failing and refusing to pay for the insured loss and damage sustained.

8. State Farm's failure to pay for Garcia's insured loss and damage is an unfair and/or deceptive act or practice as prohibited by the Tennessee Consumer Protection Act of 1997, TCA §47-18-101 et seq.

WHEREFORE, plaintiff Garcia prays as follows:

a. That process issue and be served upon State Farm requiring it to appear and answer the Complaint as required by law;

b. That Garcia have and recover from State Farm monies due and owing to her under the coverage provisions of her policy(s) for the insured loss and damage in an amount not to exceed $200,000;

c. That plaintiff Garcia have and recover from State Farm treble damages, in addition to any attorney's fees incurred by her, pursuant to the Tennessee Consumer Protection Act of 1977;

d. That plaintiff Garcia have and recover from State Farm pre-judgment interest on the amount of her insured loss and damage in the amount of 10% per annum together with such other, further or different damages or relief to which she may be determined entitled; and

e. That a jury of twelve persons be impaneled to try the issues.

_____
DEBORAH RIDDLE GARCIA
134 Lands End Way
Jupiter, FL 33458

## SURETY BOND

We hereby secure payment of cost of this cause as required by law.

_____
DEBORAH RIDDLE GARCIA, Principal

_____
WANDA GIBSON, Surety